David L. GREENING, Plaintiff—
Appellant,

v.

Gary FLETCHER, PA, Defendant—
Appellee,

and

Washington State Penitentiary
at Walla Walla; et al.,
Defendants.

No. 03–35119.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 12, 2005.*

Decided Sept. 26, 2005.

David L. Greening, Airway Heights, WA, pro se.

Douglas Wayne Carr, Esq., AGWA— Office of the Washington Attorney General (Olympia) Corrections Division, Olympia, WA, for Defendant—Appellee.

Before: REINHARDT, RYMER, and HAWKINS, Circuit Judges.

MEMORANDUM**

David Greening, a Washington State prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action without prejudice for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997(e)(a). We review de novo the district court's determination that a prisoner failed to exhaust, and for clear error its findings of fact. *Ngo v. Woodford,* 403 F.3d 620, 622 (9th Cir.2005). We reverse and remand.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

The Prison Litigation Reform Act requires a prisoner to exhaust "such administrative remedies as are available" before filing a federal action. *See* 42 U.S.C. § 1997e(a). Greening's complaint alleged that prison officials acted with deliberate indifference towards his medical needs by not immediately allowing him to see a non-prison doctor who specialized in gastroenterology. After Greening's Level II grievance was denied, he filed a petition through the kite system, which was granted. Greening was allowed to see a gastroenterologist, and the Grievance Program Manager informed Greening that there was no reason to continue with a Level III appeal because he received his suggested remedy at Level II. Because Greening's request for adequate medical care was addressed when he was finally treated by a specialist, there was no reason for him to appeal that particular grievance to a higher level. *See Brown v. Valoff*, 422 F.3d 926, 935 (9th Cir.2005) ("a prisoner need not press on to exhaust further levels of review once he has either received all 'available' remedies at an intermediate level of review or been reliably informed by an administrator that no remedies are available"). We therefore remand to the district court for consideration of the merits of Greening's 42 U.S.C. § 1983 claim.

REVERSED and REMANDED.